UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY WANG, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-01866-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION**<br><br>ECF Nos. 2, 7 |

Plaintiff Roberto Herrera ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action filed pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for a preliminary injunction, filed November 14, 2012 and November 30, 2012. ECF Nos. 2, 7.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983);

1

*Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985); Fed. R. Civ. P. 65(d).

Plaintiff moves for the Court to order Defendants to provide Plaintiff with further medical treatment.  By separate order, the Court dismissed Plaintiff's Complaint for failure to state a claim.  Thus, the Court does not find that Plaintiff is likely to succeed on the merits of his action.  Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions for preliminary injunction, filed November 14, 2012 and November 30, 2012, are denied.

IT IS SO ORDERED.

Dated:   **May 17, 2013**                                  /s/ Dennis L. Beck
                                                           UNITED STATES MAGISTRATE JUDGE