# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | Case No. 1:12-cv-01866-DLB PC |
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |
| v. | |
| JEFFREY WANG, et al., | ECF No. 1 |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

**I.   Background**

Plaintiff Roberto Herrera ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On November 14, 2012, Plaintiff filed his complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.  Summary of Complaint

Plaintiff is incarcerated at California State Prison-Corcoran ("CSP-Cor") in Corcoran, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants Jeffrey Wang, CDCR healthcare staff at CSP-Cor Security Housing Unit; C. Nareddy, Conall McCabe, Teresa Macias, L. D. Zamora, CDCR healthcare staff director; and the pain committee staff.

Plaintiff alleges the following.  Plaintiff suffers from chronic pain for the past 12 years.  Plaintiff uses assisting devices implanted in his left leg which allow Plaintiff to walk normally, but the devices hurt.  Plaintiff suffered from fractured bones in his ankle, toe, hand, and his back since April 17, 2009.  The healthcare staff at CSP-Cor has implemented a new policy where a group called the pain committee decides if an inmate will receive "effective medication" for their medical needs, not the medical doctors who interview the inmate.

Plaintiff contends that he has received ineffective medication since being x-rayed.  Several CSP-Cor staff found nothing bad showing on the x-rays.  On February 7, 2012, Plaintiff requested from Defendant Nareddy a thorough investigation of why his bones mentioned above are hurting him.  Defendant Nareddy recommended the removal of screws around Plaintiff's ankle.  On March 27, 2012, the screws were removed, leaving fragments of bone inside, worsening Plaintiff's pain problem.  On April 2, 2012, Defendant McCabe reviewed Plaintiff's medical concerns and did not take any further action.  On June 1, 2012, Defendant Wang and Macias reviewed Plaintiff's medical concerns and denied further medical treatment.  On October 8, 2012, Defendant Zamora reviewed Plaintiff's medical concerns and denied further medical treatment because Plaintiff was found to be

1  fully functional without assistive devices.  Plaintiff includes as an exhibit his inmate appeal, COR
2  HC 12049522.
3        Plaintiff contends a denial of proper treatment to his serious medical needs.  Plaintiff requests
4  that the court order CDCR staff to thoroughly investigate why his bones are bothering him and to
5  resolve Plaintiff's medical concerns.  Plaintiff also requests three million dollars in damages.
6  **III.**    **Analysis**
7      **A.**    **Eighth Amendment – Medical Care**
8        The Court construes Plaintiff's claims as claims for violation of the Eighth Amendment.  The
9  Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate
10  comfortable prisons."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).
11  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment
12  violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of
13  life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"
14  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732,
15  744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective
16  and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently
17  serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second,
18  the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."
19  *Id.* at 837.
20        "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this
21  standard, the prison official must not only 'be aware of the facts from which the inference could be
22  drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"
23  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the
24  risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the
25  risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).
26        Plaintiff fails to state a claim against any Defendants.  Defendant Nareddy interviewed
27  Plaintiff at the first level of the appeals process, and McCabe reviewed Plaintiff's inmate appeal at
28  the first level. Defendants found that he had been examined, x-rays were taken, the screws were

removed from his ankle, and he was referred to an orthopedic doctor for evaluation. Compl. at 13. Plaintiff alleges no facts which indicate that Defendants Nareddy and McCabe knew of and disregarded an excessive risk of serious harm to Plaintiff's medical needs.

Defendants Wang and Macias reviewed Plaintiff's appeal at the second level, and found that Plaintiff had been evaluated for and treated with physical therapy, and that the pain committee found that he should be denied long-term use of narcotics. Compl. at 14-15. Defendants also found that ibuprofen was ordered for his pain. Plaintiff's allegations amount at most to a difference of opinion between a healthcare professional and a prisoner, which does not rise to the level of deliberate indifference. *Toguchi*, 391 F.3d at 1058.

Defendant Zamora denied Plaintiff's appeal at the third level of review, finding that Plaintiff had received x-rays which showed unremarkable results, Plaintiff received surgery and two orthopedic follow-ups, physical therapy, orthopedic shoes, and active orders for naproxen and acetaminophen for pain. Again, Plaintiff's allegations amount at most to a difference of opinion between a healthcare professional and a prisoner, which does not rise to the level of deliberate indifference. *Toguchi*, 391 F.3d at 1058.[1]

## IV.   Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

---

[1] Plaintiff lists "the pain committee staff" but fails to make any allegations against them. However, "the pain committee staff" is composed of individuals. "Pain committee staff" is not a valid party for purposes of § 1983. "Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 17, 2013**                                       /s/ *Dennis L. Beck*
                                                                 UNITED STATES MAGISTRATE JUDGE